[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In reviewing the courts file in the captioned case it slowly became apparent that the data contained within said file was a minefield of disinformation.
To clarify the orders here, we had to review the case from the date of its inception to the present. What was found, is as follows. On February 25, 1976, Testo J. granted a dissolution herein on the basis of Irretrievable Breakdown. At the time there was one child (Michael Young Jr. D.O.B. 07/28/73) as the issue of this union. In granting the dissolution, support was found at $15.00 per week and Alimony was set at $15.00 per week for a total order of $30.00.
In April of 1976 the State petitioned the court requesting that the court order the defendant to pay alimony and support Pendente Lite commensurate with his financial ability to do so. The basis for this request was the fact that the state was contributing to the support of the plaintiff and minor child. On May 21, 1976 Stapleton J. granted said motion, and defendant was ordered to pay $30.00 per week to the state as long as plaintiff and the child received State aid. Thereafter, the State on October 25, 1985 obtained an order on arrears in the sum of $25.00 per week (Harrigan J.) until such time as the arrearage to the state was discharged. In the interim, the court files reflect yet another order showing $60.00 for support, $30.00 arrears to the plaintiff and $10.00 on arrears to the State for a total order of $100.00. Obviously, this has led to a great deal of confusion. It is now all the more compounded by the fact that Michael Young Jr. has been emancipated (07/28/91) the plaintiff is no longer on the state and another child was born to the parties subsequent to the dissolution. That child is Mitchell D.O.B. 09/11/77. On October 16, 1986 (Melville, J.) found arrears owed to the plaintiff in the sum of $11,280.00 and $2,302.59 owed to the state. Judge Melville set the CT Page 8556 order of support at $30.00 plus $5.00 on arrears to the plaintiff and $6.00 on arrears owed to the state.
On June 7, 1991 the defendant came before this court on a Motion to Modify alleging that he has been unemployed for a substantial period of time. That he has endeavored to find work, that he has been unsuccessful and that his sole source of income is the City of Bridgeport Work-Fair program, at the rate of $111.00 per week. The defendant has testified that he has explored numerous job possibilities, and when he was able to obtain employment at Cornwall-Patterson he was laid off. This was the last form of permanent employment which ceased in May of 1990 after approximately one year of work.
Conversely, the plaintiff herein has alleged that she was, and continues to be employed by Textron, Inc. She further alleges that she has been "out of work since November," when she underwent surgery on her right hand. However, by her own testimony she acknowledges that she is receiving $739.00 per week. The plaintiff further acknowledges that she earned the sum of $56,000.00 for the year 1990 up to sometime in November of said year. This represents a period of some ten and one half (10 1/2) months, and that she will be returning to Textron in the near future.
Under Sec. 46b-215b(b) "In any proceeding for the establishment or Modification (emphasis added) of a child support award, the child support guidelines shall be considered in addition to and not in lieu of the criteria for such awards ___." Said guidelines were reviewed and guideline worksheets were prepared at both levels of the custodial parents income. Further consideration was given to the fact that Michael Young Jr. became emancipated on July 28, 1991. (See worksheets annexed hereto and made a part hereof.)
It becomes patently obvious that at defendants current rate of income any amount established towards support to be secured under Sec. 52-362 C.G.S.* would be violative of subsection (f) "a withholding order shall issue in the amount necessary to enforce a support order against only such nonexempt earnings of the obligor as exceed the greater of (1) the first one hundred dollars per week of disposable earnings, or (2) the amount exempt under Sec. 1673 of Title 15 of the U.S. Code or against any lesser amount which the court or family support magistrate deems equitible."
It is found that as of June 4, 1991 there is an outstanding CT Page 8557 arrearage owed to Plaintiff in the sum of $16,234.70 subject to audit and adjustment. It is further found that as of said date there is an arrearage to the state of Conn. in the amount of $1,847.91 subject to audit and adjustment.
The credible evidence leads this court to believe that the defendant herein should be granted some interim relief
from his current order pursuant to the criteria set forth in sections 46b-84, 46b-86 (a) and Sec. 46b-215b CGS.
Wherefore it is suggested that said order be suspended for a period of one (1) year, effective October 1, 1991 to be reinstated on September 30, 1992 and that no arrears shall accure during said period.
It is further directed that the defendant immediately apprise Support Enforcement Services in the event he obtains employment during the suspension period and that this matter be returned to this courts calendar on October 1, 1992 for revue and adjustment.
EDMUND H. MILLER, FAMILY MAGISTRATE